**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RECEIVED
2007 MAR 28 A 9:51
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**MICHAEL H. WILSON**

**PLAINTIFF,**

**vs.**

**CIVIL ACTION NO.**
3:07-CV-267-WHA

**APARTMENT SERVICES AND MANAGEMENT, INC.**

**JURY DEMAND REQUESTED**

**DEFENDANT.**

# COMPLAINT

## I. JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U. S.C. §§ 1331, 1343, 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964" as amended, 42 U.S.C § 2000e *et seq*. (Title VII) and pursuant to 42 U.S.C. § 1981 (§ 1981). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII and § 1981 providing for injunctive and other relief against race discrimination and retaliation.

2. Plaintiff timely filed his charge of race discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act ("Exhibit A"). Plaintiff filed his lawsuit within 90 days of receipt of his Notice of Right to Sue from the EEOC ("Exhibit B").



## II. PARTIES

3. Plaintiff, Michael H. Wilson, hereinafter, "Plaintiff," is an African-American citizen of the United States, and a resident of Talladega County, Alabama.

4. Defendant, Apartment Services and Management, Inc., hereinafter "Defendant," is an entity subject to suit under Title VII and § 1981. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF FACTS

5. Plaintiff commenced his employment with Defendant on November 11, 2005 and worked until his termination on February 1, 2006.

6. At all times, Plaintiff performed his job duties in at least a competent manner.

7. Plaintiff's job duties consisted of maintenance for 150 apartment complex units in three different apartment complexes. African Americans occupy approximately 95% of all the apartments.

8. Plaintiff's supervisor was Tina Hutton (Caucasian).

9. Hutton repeatedly made comments such as, "how can you people live like this; how can you people be so nasty; how come you people don't know how

to clean up;" and the other comments that constantly referred to African Americans as "you people."

10. On January 26, 2006 Plaintiff complained to Tina's supervisor, Andy (LNU), who worked at the home office for Defendant in Auburn, Alabama. Plaintiff complained about Tina's racially derogatory use of "you people" and her constant profanity as well as the fact that Plaintiff was working in a racially hostile environment.

11. On January 29, 2006, Hutton informed Plaintiff that Andy had fired him. Tina stated that Andy's message was that Plaintiff's "services would no longer be needed as of February 1, 2006." Hutton specifically said Andy was to let Plaintiff go and that he "was not needed any more."

12. Shortly thereafter, Plaintiff was replaced by two Caucasian employees.

**IV. COUNT ONE –Race Discrimination (Title VII)**

13. Plaintiff adopts paragraphs 1 through 12 with the same force and effect as if set forth fully herein.

14. Plaintiff was singled out and treated differently than his white co-workers while employed with Defendant. In terms of discipline, job performance, supervisor comments, and his termination of employment.

15. Plaintiff was constantly referred to, along with other blacks, as "you people" by his supervisor, Tina Hutton. The comments were made in a negative, racial manner.

16. Plaintiff was replaced by two white employees.

17. Plaintiff was pretextually terminated with no stated reason given for his termination, simply saying that his services were no longer needed.

18. Plaintiff was singled out and treated differently by Defendant because of his race, black, in violation of Title VII.

19. Defendant's actions against Plaintiff, up to and including his termination of employment were motivated by Plaintiff's race.

20. Plaintiff has been damaged, suffering loss of pay and income as a result of the illegal race discrimination by Defendant.

**V. COUNT TWO – Race Discrimination (§1981)**

21. Plaintiff adopts paragraphs 1 through 20 with the same force and effect as if set forth fully herein.

22. Plaintiff specifically adopts the allegations contained in Count One in support of his claim of race discrimination under §1981.

23. Plaintiff has been damaged, suffering loss of pay and income as a result of the illegal race discrimination by Defendant.

## VI. COUNT THREE – Retaliation

24. Plaintiff adopts paragraphs 1 through 23 with the same force and effect as if set forth fully herein.

25. Plaintiff complained about his supervisor, Hutton's racially hostile comments, referring to blacks, including Plaintiff, as "you people."

26. Within three days of Plaintiff's complaints to Hutton's supervisor, Andy (LNU), Plaintiff was terminated by Hutton, who informed him that Andy (LNU) had fired Plaintiff. Hutton told Plaintiff that Andy said to tell Plaintiff that his services were no longer needed.

27. Plaintiff was fired in retaliation for his complaints of racially derogatory terms used by his supervisor, Hutton, as well as by his complaints of Hutton's attitude towards him because of his race, black.

28. Plaintiff was replaced by two white employees, who had not complained of race discrimination.

29. As a result of Defendant's illegal retaliation against Plaintiff for his complaints of race discrimination, Plaintiff has been damaged, suffering loss of pay and income.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

A. Grant Plaintiffs a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII and § 1981.

B. Enter an Order requiring Defendant to make Plaintiffs whole by awarding them front-pay, back-pay (plus interest) compensatory, punitive damages and injunctive and declaratory relief, and benefits.

C. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

DAVID R. ARENDALL

ALLEN. D. ARNOLD
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
(205) 252-1550 - Office
(205) 252-1556 – Facsimile

**PLAINTIFFS REQUESTS TRIAL BY JURY**

OF COUNSEL

SERVE DEFENDANT:

Apartment Services and Management, Inc.
c/o Bettye M. Cooksey
Registered Agent
6801 Lee Road 54
Auburn, AL 36830

# EXHIBIT A

# TO PLAINTIFF'S COMPLAINT

| HARGE OF DISCRIMINATIO... form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENC... FEPA X EEOC | ...RGE NUMBER 420 2006 01993 |
|---|---|---|

State or local Agency, if any — and EEOC

| AME (Indicate Mr., Ms., Mrs.) ichael H. Wilson | | HOME TELEPHONE (Include Area Code) 256.480.0063 |
|---|---|---|
| REET ADDRESS '1 Brecon Ace Road, Apt. #8-C, | CITY, STATE AND ZIP CODE Talladega, AL 35160 | DATE OF BIRTH [redacted] |

AMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL OVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| AME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| partment Services and anagement, Inc. | Over 15 | |
| REET ADDRESS 301 Lee Road 54, P.O. Box 2768, | CITY, STATE AND ZIP CODE Auburn, AL 36831 | COUNTY |
| AME | | TELEPHONE NUMBER (Include Area Code) |
| REET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

RECEIVED EEOC APR 13 2006 BIRMINGHAM DISTRICT OFFICE

| AUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE FIRST or CONTINUING DISCRIMINATION TOOK PLACE AND DATE LAST DISCRIMINATION TOOK PLACE (Month/Day/Year): |
|---|---|
| RACE XX COLOR SEX HARASSMENT | FIRST: January of 2006 |
| RELIGION NATIONAL ORIGIN XX RETALIATION | LAST: January 29, 2006 |
| GE DISABILITY OTHER (Specify) | |

**HE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):**

**CHARGE OF DISCRIMINATION**

**SN:** [redacted] **Sex:** **Male** **Race:** **African-American**

**Please see following page for particulars.**

| want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies I change my address or telephone number and cooperate fully with them in the processing of my charge in ccordance with their procedures. | NOTARY (When necessary for State and Local Requirements) [signature] |
|---|---|
| declare under penalty of perjury that the foregoing is true and correct. [signature: Michael H. Wilson] Signature of Michael H. Wilson | [signature] My Commission Expires 4-3-2007 Signature of Michael H. Wilson SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| ate 3/31/06 | March 31, 2006 |

OC FORM 5 (Rev. 06/92)

1. I commenced my employment with Respondent on November 11, 2005.

2. At all times, I performed my job duties in at least a competent manner.

3. My job duties consisted of maintenance for 150 apartment complex units in three different apartment complexes. African Americans occupy approximately 95% of all the apartments.

RECEIVED EEOC APR 1 3 2006 BIRMINGHAM DISTRICT OFFICE

4. My supervisor was Tina Hutton (Caucasian).

5. Hutton repeatedly made comments such as, "how can you people live like this; how can you people be so nasty; how come you people don't know how to clean up;" and the other comments that constantly referred to African Americans as "you people."

6. On January 26, 2006, I complained to Tina's supervisor, Andy (LNU), who worked at the home office for Respondent in Auburn, Alabama. I complained about Tina's racially derogatory use of "you people," and her constant profanity.

7. On January 29, 2006, Hutton informed me that Andy fired me. Tina stated that Andy's message was that my "services would no longer be needed as of February 1, 2006." Hutton specifically said Andy was to let me go and that I "was not needed any more."

8. Shortly thereafter, I was replaced by two Caucasian employees.

9. Following my termination, Hutton informed tenants, who were also my neighbors, that I "snitched" on them regarding the illegal activity that I observed when conducting my duties in the apartment complexes.

10. Following this, my neighbors have treated me differently and created a hostile environment.

11. I believe I have been discriminated against because of my race and terminated in retaliation for my complaints of race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

[signature]
Michael H. Wilson

he foregoing instrument was acknowledged before me this the 31st day of March, 2006, y Michael H. Wilson.

[signature]
Notary Public

My commission expires: My Commission Expires 4-3-2007

# EXHIBIT B

# TO PLAINTIFF'S COMPLAINT

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Michael H. Wilson**
**671 Brecon Ace Road, Apt 8-C**
**Talladega, AL 35160**

From: **Birmingham District Office - 420**
**Ridge Park Place**
**1130 22nd Street, South**
**Birmingham, AL 35205**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2006-01993** | **Roy L. Jackson, Investigator** | **(205) 212-2073** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Delner Franklin-Thomas (signature) 1-8-07

Enclosures(s)

**Delner Franklin-Thomas,**
**District Director**

*(Date Mailed)*

cc:

**David Arendall, ARENDALL & ASSOCIATES**
**Andy Davis, APARTMENT SERVICES AND MANAGEMENT**
**Steven J. Edelstein, WILLIAMS & EDELSTEIN**

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

## PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***