IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL H. WILSON, )<br>)<br>Plaintiff, )<br>) | CASE No.:  3:07-CV-0267-WHA |
| v. )<br>) | |
| APARTMENT SERVICES AND )<br>MANAGEMENT, INC., )<br>) | |
| Defendant. ) | |

**ANSWER OF DEFENDANT**
**APARTMENT SERVICES & MANAGEMENT, INC.**

Comes now Defendant Apartment Services & Management, Inc. (incorrectly identified in Plaintiff's Complaint as Apartment Services and Management, Inc.) ("Defendant") and, for response to the Complaint of Plaintiff Michael H. Wilson ("Plaintiff"), answers as follows:

FIRST DEFENSE

For response to the separately numbered paragraphs of Plaintiff's Complaint, Defendant states as follows:

1.   Defendant admits that this is an action brought pursuant to Title VII of the Civil Rights Act of 1969, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII")*,* and 42 U.S.C. § 1981 ("§ 1981") and that this Court has jurisdiction over actions brought pursuant to those federal statutes.  Defendant, however, specifically denies that it has

violated either Title VII or § 1981 or that Plaintiff is entitled to any injunctive or other relief under those statutes or otherwise.

2.  Upon current information and belief, Defendant admits that Plaintiff filed a charge of race discrimination with the EEOC within 180 days of his termination and that he filed this lawsuit within 90 days of receipt of his Notice of Right to Sue from the EEOC. However, Defendant denies that Plaintiff's termination was discriminatory or that Defendant engaged in any discriminatory act whatsoever against Plaintiff.

3.  Upon current information and belief, the Defendant admits the allegations of Paragraph 3 of Plaintiff's Complaint.

4.  Defendant admits the allegations of Paragraph 4 of Plaintiff's Complaint.

5.  Defendant admits that Plaintiff commenced his employment in November 2005, although it appears that his actual start date was November 14, 2005. Defendant also admits that Plaintiff was terminated on or about February 1, 2006.

6.  Defendant denies the allegations of Paragraph 6 of Plaintiff's Complaint.

7.  Defendant admits that Plaintiff's job duties consisted of apartment maintenance, but it avers that Plaintiff was responsible for maintenance at four (not three) different apartment complexes. Defendant also admits that the occupancy of the

apartment complexes where Plaintiff was responsible for maintenance is overwhelmingly African-American, but it states that the percentage of African-Americans is slightly lower than 95%. Otherwise, except to the extent expressly admitted herein, the allegations of Paragraph 7 of Plaintiff's Complaint are denied.

8. Defendant admits that Tina Hutton (who is Caucasian) was one of Plaintiff's supervisors, but it denies that Ms. Hutton was Plaintiff's only supervisor.

9. Defendant denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that, one day during the final week of January 2006, Plaintiff contacted Andy Davis, Defendant's General Manager who worked at Defendant's home office in Auburn, Alabama and complained to him about Tina Hutton. However, Defendant denies that the complaint Plaintiff made to Mr. Davis was as characterized by Plaintiff in Paragraph 10 of Plaintiff's Complaint. Defendant specifically denies that Plaintiff complained that Ms. Hutton had engaged in racially derogatory or racially inappropriate conduct or that he raised any issue related to race. Otherwise, except to the extent expressly admitted herein, the allegations of Paragraph 10 of Plaintiff's Complaint are denied.

11. Defendant admits that, on or about February 1, 2006, Hutton informed Plaintiff that his employment was terminated. Defendant also admits that, during this conversation, Hutton told him that his services were no longer needed or words to that

3

effect. Otherwise, except to the extent the allegations contained in Paragraph 11 are expressly admitted, they are denied.

12. Defendant denies the allegations of Paragraph 12 of Plaintiff's Complaint.

13. For response to Paragraph 13 of Plaintiff's Complaint, Defendant adopts and incorporates its responses to Paragraphs 1 through 12 above with the same force and effect as if fully set forth separately herein.

14. Defendant denies the allegations of Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations of Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations of Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations of Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations of Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations of Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations of Paragraph 20 of Plaintiff's Complaint.

21. For response to Paragraph 21 of Plaintiff's Complaint, Defendant adopts and incorporates its responses to Paragraphs 1 through 20 above with the same force and effect as if fully set forth separately herein.

22. For response to Paragraph 22 of Plaintiff's Complaint, Defendant adopts and incorporates its responses to the allegations contained in Count One of Plaintiff's Complaint with the same force and effect as if fully set forth separately herein.

23. Defendant denies the allegations of Paragraph 23 of Plaintiff's Complaint.

24. For response to Paragraph 24 of Plaintiff's Complaint, Defendant adopts and incorporates its responses to Paragraphs 1 through 23 above with the same force and effect as if fully set forth separately herein.

25. Defendant denies the allegations of Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that, within approximately three days of the day Plaintiff complained to Andy Davis, Plaintiff was terminated by Ms. Hutton. However, Defendant denies that Plaintiff's complaint to Mr. Davis was as characterized by Plaintiff in his Complaint. Defendant specifically denies that Plaintiff raised any issue related to race when he made that complaint. Defendant further denies that Plaintiff was terminated because of the complaint he made to Mr. Davis. Defendant admits that, when Ms. Hutton informed Plaintiff that he was being terminated, she stated that his services were no

longer needed or words to that effect. Otherwise, except to the extent that the allegations contained in Paragraph 26 are expressly admitted, they are denied.

27.     Defendant denies the allegations of Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies that Plaintiff was replaced by two Caucasian employees. Defendant states that it is not aware of any Caucasian employee who has complained of race discrimination by Defendant.

29.     Defendant denies the allegations of Paragraph 29 of Plaintiff's Complaint.

30.     To the extent not expressly admitted herein, the allegations contained in the separately numbered Paragraphs of Plaintiff's Complaint are denied.

31.     Defendant denies that Plaintiff is entitled to the relief, or any part or form of it, requested by Plaintiff in his Prayer for Relief.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's claims under Title VII and 42 U.S.C. § 1981 are barred to the extent they fall outside the applicable statutes of limitation.

## FOURTH DEFENSE

Neither Plaintiff's race nor Plaintiff's alleged protected conduct was considered in any decision relating to his employment.

## FIFTH DEFENSE

All employment decisions relating to Plaintiff were made for legitimate business reasons.

## SIXTH DEFENSE

To the extent the fact-finder concludes that Plaintiff's race or alleged protected conduct influenced any decision impacting Plaintiff (which Defendant denies), Defendant avers that the same decision would have been made for legitimate, non-discriminatory reasons.

## SEVENTH DEFENSE

Plaintiff is not entitled to the relief requested in his Complaint because, even if race or protected conduct was considered in any decision or action with respect to Plaintiff (which Defendant denies), no decision of Defendant was motivated by Plaintiff's race or protected conduct.

EIGHTH DEFENSE

Plaintiff's claim for retaliation fails because Plaintiff cannot establish that he opposed alleged unlawful discrimination or engaged in any protected conduct.

NINTH DEFENSE

Plaintiff's claims for retaliation based on his alleged opposition to unlawful discrimination or his alleged protected conduct fail because Plaintiff cannot establish any causal link between that alleged activity and the alleged acts and decisions about which he complains.

TENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those that he would be entitled to receive under Title VII, the Civil Rights Act of 1991, or 42 U.S.C. § 1981.

ELEVENTH DEFENSE

To the extent Plaintiff seeks to litigate, under Title VII, matters that occurred or failed to occur 180 days prior to the filing of his charge of discrimination, or which are not like or related to the allegations contained in his EEOC charge, his claims are barred by his failure to timely file a charge of discrimination with the EEOC, a necessary prerequisite to suit.

## TWELFTH DEFENSE

Plaintiff is not entitled to an award of punitive damages because he cannot plead and cannot prove facts sufficient to support an award under applicable law.

## THIRTEENTH DEFENSE

Defendant adopts all defenses authorized by the United States Supreme Court's decision in *Kolstad v. American Dental Association*.

## FOURTEENTH DEFENSE

Subjecting Defendant to punitive damages in this case, or affirming an award of punitive damages, would violate the United States Constitution.

## FIFTEENTH DEFENSE

Defendant adopts all defenses made available under the decision rendered by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 809, 116 S. Ct. 1589 (1996).

## SIXTEENTH DEFENSE

Plaintiff is not entitled to any compensatory damages, including damages for mental anguish or emotional distress, because Plaintiff cannot establish such damages under the applicable legal principles.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because he cannot establish that Defendant acted with malice or reckless indifference to the federally protected rights of Plaintiff as required under 42 U.S.C. § 1981a(b)(1).

## EIGHTEENTH DEFENSE

Any damages sustained by Plaintiff are limited to the extent he has failed to mitigate those damages.

## NINETEENTH DEFENSE

Defendant reserves the right to amend this Answer to add any and all applicable defenses.

Respectfully submitted,

s/ F. Keith Covington
F. Keith Covington
Attorney for Defendant
Apartment Services and
Management, Inc.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: kcovington@bradleyarant.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>David R. Arendall
>Arendall & Associates
>2018 Morris Avenue
>Birmingham, AL 35203-3204

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants:

>NONE

>Respectfully submitted,
>s/ F. Keith Covington
>F. Keith Covington
>Attorney for Defendant
>Apartment Services and
>Management, Inc.
>Bradley Arant Rose & White LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, AL 35203-2104
>Telephone: (205) 521-8000
>Facsimile: (205) 521-8800
>Email: kcovington@bradleyarant.com